

**SO ORDERED.**

**SIGNED this 12th day of March, 2010.**

_____

**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Rhett Webster Pease | 09-54754-C |
| *Debtor* | Chapter 13 |

## Order Dismissing Notice of Appeal

Came on for consideration the foregoing matter. The debtor has filed a notice of appeal with respect to an order of this court. The debtor has failed to pay the required filing fee as prescribed by 28 U.S.C. § 1930. The total filing fee owed is $255.00. The clerk of court issued a letter notice to the debtor, indicating that, unless the filing fee was paid, the appeal might be dismissed by the court. The letter notice gave the debtor until 4 p.m. of March 4, 2010 to remit the filing fee.

The debtor, in response to the letter notice, remitted (on March 4th) a document entitled "Certified Money Order." The document purports to be a form of money order, and states at the bottom that "This negotiable instrument is authorized and backed by the full faith and credit of the United States Government." The body of the document does contain negotiable instrument language -- it says "Pay to the Order of:" However, from there on, the document is an entire work of fiction.

First, the purported negotiable instrument purports to be "drawn on" the United States Treasury Account, "Prepaid Account" followed by what appears to be the debtor's social security number (not reproduced here, of course). An address follows -- 1500

Pennsylvania Avenue, NW, Washington, D.C. (that is the physical address of the Department of the Treasury).

Next, the purported negotiable instrument directs the drawee to pay to the order of "U S Treasury." This is similar to writing a check drawn on a bank, directing that the bank pay itself out of an account maintained by the drawer at that bank. The amount shown to be paid is, of course, $255.00.

Next, the document is signed by Rhett Webster Pease (the court recognizes his signature) beneath the legend "Drawer as Agent for the Secretary." It is not clear exactly what Secretary the debtor means, though one could infer that this is intended to refer to the Secretary of the Treasury. Beneath the signature line is the identifier "Authorized Signature of Agent."

Finally, there is a "Certification of Signatory" executed by a notary (one Paula M. Boyd), to the effect that Mr. Webster "acknowledged to me that he was the authorized signatory for the above mentioned account and that he executed this instrument as an agent for the Secretary under this account."

The net effect of all of this verbiage is that Mr. Pease evidently believes that (a) he can write checks on what he claims to be his social security account, as though it were a checking account, (b) that he can issue a check right back to the treasury, since the filing fee is payable ultimately to the US government anyway, and (c) that he can act as the self-appointed agent for the Secretary of the Treasury. In this way, he claims to have satisfied his obligation to the clerk of court to pay the filing fee.

Mr. Pease is wrong on all counts. There is no "account" with the Department of the Treasury with money deposited in it for him, ready for either his withdrawal on demand or his direction to pay another using funds otherwise payable to him on demand. That is what a checking account is, essentially. That is not what a social security account is, however. Social Security is an entitlement program, subject to all the conditions that any public right may be subjected to. One can receive payment as of right from the government for social security benefits, as and when one qualifies -- one is determined to be disabled, or one has turned 65, or the like. The government is under obligation to pay only when those conditions are met. The social security "account" is not a "pay on demand" account, as is an ordinary checking account.

Mr. Pease also misapprehends who the payee is as well. United States Courts is a separate branch of government from the Department of the Treasury. While its operations are in fact funded with federal tax dollars, it receives those funds only pursuant to appropriations by Congress, which takes literally an Act of Congress to accomplish. The Department of the Treasury is not authorized to issue to the courts any funds other than as appropriated by Congress. Mr. Pease's "directive" that Treasury issue $255 to United States Courts, directly or indirectly, cannot be honored because it is not part of any appropriations bill passed by Congress.

Nor is Mr. Pease authorized to direct Treasury to take any actions. He is not an authorized agent of the Secretary of the Treasury, regardless what he says. Agents are not self-appointed. By definition, an agent gains the authority to act on behalf of and to bind a principal only by virtue of his appointment as an agent by the principal. Here, that would be the Secretary of the Treasury. The Secretary, it can safely be said, has not appointed Mr. Pease as his agent.

Mr. Pease clearly has some strongly held beliefs about the role of government, the legitimacy of the monetary system in the United States, and perhaps even the legitimacy of government itself. The court will not waste its time attempting to dissuade Mr. Pease of his strongly held beliefs. Suffice it to say that this court does not subscribe to those beliefs.

A filing fee must be paid using the recognized currency of the United States. The "Certified Money Order" submitted by Mr. Pease does not qualify either as recognized currency or a legal document that would result in the payment in the recognized currency of the United States. The document submitted is a complete work of fiction or fantasy at best, and a fabrication and a fraud at worst. In all events, it is ineffective as a means of payment.

As the filing fee has not been paid, the Notice of Appeal is dismissed.

# # #